**ORIGINAL**

# In the United States Court of Federal Claims

No. 17–1661T
Filed: August 27, 2018

**FILED**

AUG **27** 2018

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * *

| | |
|---|---|
| **EDWARD HAYWOOD PAYNE, JR.,** | * |
| Plaintiff, | * |
| v. | * |
| **UNITED STATES,** | * |
| Defendant. | * |

Pro Se Plaintiff; Motion to Dismiss; Subject Matter Jurisdiction; Tort Claim; Fraud Claim; Tax Refund Claim.

* * * * * * * * * * * * * * * * *

**Edward Haywood Payne, Jr.**, Philadelphia, PA, pro se.

**Katherine R. Powers**, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC for defendant. With her were **David I. Pincus**, Chief, Court of Federal Claims Section, Tax Division, and **Richard E. Zuckerman**, Principal Deputy Assistant Attorney General.

## OPINION

**HORN, J.**

### FINDINGS OF FACT

On October 27, 2017, pro se plaintiff Edward Haywood Payne, Jr. filed a complaint in the above-captioned case in which plaintiff makes a vague claim concerning alleged negligence by the Internal Revenue Service (IRS) regarding an amended tax return, allegedly filed in plaintiff's name and without plaintiff's authorization. Plaintiff's complaint states "[t]he grounds for my claim is negligence on [sic] part of the Internal Revenue Service (IRS). The I.R.S [sic] processed not only a fraudulent claim in my name, but processed and paid a return to an unauthorized person. The amended return had no signature, let alone not even my signature." Plaintiff's complaint also states:

> The Internal Revenue Service failed to protect my tax account, an inherent right as a Citizen of the United States of America, and a Tax Payer of the same. This failure resulted in my seeking of legal counsel causing me to lose - $3,200.00, and suffering damages of at least $6,400.00.

(capitalization in original). Plaintiff also vaguely claims in his complaint that an attorney named David Rubin misled plaintiff with regard to an undefined "agreement." Plaintiff's

complaint states, "[t]he grounds for my claim against attorney David Rubin is that he intentionaly [sic] misled me into signing an agreement and subsequently being liable to pay his $3,200.00 fee by way of personal check. (USAA)." Plaintiff's complaint also is unclear regarding the amount of damages plaintiff is seeking. Plaintiff alleges that the IRS's failure to protect plaintiff's tax account "resulted in my seeking of legal counsel causing me to lose - $3,200.00, and suffering damages of at least $6,400.00." Plaintiff then requests under a separate section of his complaint titled "RELIEF" that the court award plaintiff a "total of $5,700.00," which plaintiff separates into "Attorneys Fees, $3,200.00," and "Tax Return $2,500.00." (capitalization in original).

Attached to the complaint is a letter dated June 20, 2017 from the IRS to plaintiff regarding plaintiff's "Income Tax Liability" for the tax period ending on "12/2013." According to the June 20, 2017 IRS letter, the IRS Appeals Office in Philadelphia had completed a review of plaintiff's "claim for abatement and/or refund of taxes." The IRS appears to have denied plaintiff's "claim" and noted in the June 20, 2017 letter that "[s]ince no information was provided to support your claim, there is no basis to allow any part of your claim." Copied on the June 20, 2017 letter was "David N Rubin." In his complaint, plaintiff does not provide additional details about the June 20, 2017 letter.

On January 30, 2018, defendant, United States, filed a motion for a more definite statement pursuant to Rule 12(e) (2018) of the Rules of the United States Court of Federal Claims (RCFC), requesting that the court order plaintiff to amend the complaint and "provide more information about the nature of Plaintiff's suit." Specifically, defendant's motion noted that the complaint "omits the tax year in which Plaintiff alleges an unauthorized person filed an amended return in Plaintiff's name," and that "[p]laintiff has not satisfied Rule 9(m) which requires, among other things, that the complainant identify the tax year for which the refund is sought and provide a copy of the claim for refund to the Court." Defendant alleged that the deficiencies in plaintiff's complaint prevented defendant from understanding plaintiff's claim, "including whether this Court has subject-matter jurisdiction and whether Plaintiff intends to bring a claim for a tax refund and/or a claim pursuant to 31 U.S.C. § 3343 (providing recovery for a lost or stolen check)." (citation omitted).

On February 28, 2018, this court granted defendant's motion for a more definite statement, noting that plaintiff's complaint was vague and ambiguous and prevented meaningful review. The court stated in its February 28, 2018 Order that "plaintiff shall identify the time period in which plaintiff alleges '[t]he IRS processed not only a fraudulent claim in my name, but processed and paid a return to an unauthorized person.'" The court also stated that "if plaintiff is seeking a tax refund in the above-captioned case, plaintiff's claim for a tax refund shall comply with RCFC 9(m)." Additionally, the court's February 28, 2018 Order stated that plaintiff "shall specifically indicate [in the amended complaint] who is 'attorney David Rubin' and the role he played" in plaintiff's tax matters.

In accordance with the February 28, 2018 Order for a more definite statement, plaintiff filed a one and a half page, still vague, amended complaint on March 12, 2018.

The first paragraph of the amended complaint, regarding plaintiff's interactions with attorney David Rubin, states:

> On or about August 24, 2016 the plaintiff (Edward H. Payne Jr.) contacted Mr. Rubin via phone to discuss fraud on the personal tax account of the plaintiff. As a result, a meeting was set up with Mr. Rubin and the plaintiff. During the meeting Mr. Rubin assured the plaintiff that the 2014 tax return, which was filed about February 16, 2015, would be recovered of $2,509.00, as well as damages from both parties responsible for the fraud $3,200.00 each, totaling $6,400.00. After being assured these conditions the plaintiff signed an agreement with Mr. Rubin and wrote him a personal check for $3,200.00, on the spot in his office located at 1500 JFK Boulevard Ste 1900, Philadelphia, PA. 19102. The purpose of this agreement was for attorney David Rubin of Rubin & Rubin Tax Attorneys to provide full legal representation of the plaintiff.

(capitalization in original). The second paragraph of plaintiff's amended complaint, regarding a 2011 amended tax return, states:

> The actual fraud occurred on the plaintiff's 2011 . . . tax return, where the 2011 tax return was amended by an unauthorized party and a dependent child was added. The original 2011 tax return was signed and authorized by the plaintiff and was filed about March 10, 2012, the 2011 amended return was not signed or authorized by the plaintiff. At these times 2011 and 2014 . . . the legal address of the plaintiff was 214 North 52nd Street Philadelphia, PA. 19139. The tax ID # of the plaintiff is . . . and the refunds for 2011 and 2014 were filed in Philadelphia, PA., however the fraudulent return was file [sic] in New York, within the city limits of Mount Vernon the plaintiff believes. The fraudulent tax return listed an address of 214 North 42nd Street Philadelphia, PA., an addressed [sic] never used by the plaintiff, nor never reflected on the plaintiff's drivers [sic] license. A report was also filed with the Philadelphia Police 19th District located at 6059 Haverford Avenue 19151.

Along with his amended complaint, plaintiff included two copies of a letter dated December 27, 2016 from the IRS to plaintiff. The December 27, 2016 letter states in relevant part:

> Dear Taxpayer:
>
> WE COULDN'T ALLOW YOUR CLAIM
>
> We disallowed your claim for credit for the period listed at the top of this letter [Tax Period: Dec. 31, 2011].
>
> WHY WE CAN'T ALLOW YOUR CLAIM

3

> We have reviewed your claim of identity theft (Identify Theft Affidavit or police report) and supporting documentation and have determined that you are not a victim of identity theft. It appears you or your representative filed the submitted return and did not include all of your income.

(capitalization in original). The December 27, 2016 letter also contained information informing the plaintiff as to how to appeal the IRS's decision. Plaintiff's amended complaint does not discuss the attached December 27, 2016 letter.

On April 26, 2018, defendant filed a "Partial Motion to Dismiss for Lack of Subject-Matter Jurisdiction" pursuant to RCFC 12(b)(1). Although the complaint and amended complaint are unclear as to the claims plaintiff is actually asserting even in his amended complaint, defendant's partial motion to dismiss extrapolated plaintiff's complaint into four separate claims. According to defendant's interpretation of plaintiff's pleadings, plaintiff had asserted four causes of action:

> (1) [A] claim seeking damages against the IRS based in negligence; (2) a claim against the individual attorney David Rubin relating to his services; (3) a claim for a refund of taxes for the tax year ending in 2011, due to fraud; and (4) though somewhat unclear, a claim for a refund of taxes for the tax year ending in 2014.

Defendant argued that this court lacked subject matter jurisdiction over "Plaintiff's claim seeking damages against the IRS for negligence and his claim against attorney David Rubin," and defendant requested that the court grant defendant's partial motion to dismiss as to these two claims for lack of subject matter jurisdiction.

Defendant filed its current and updated partial motion to dismiss on June 28, 2018,[1] asserting that it is now seeking to dismiss three of plaintiff's four claims. In the June 28, 2018 partial motion to dismiss, defendant indicates that plaintiff had made four separate claims, as follows:

> Claim One – a "Claim for Negligence Against the IRS"
> Claim Two – a "Claim for Damages Against David Rubin"
> Claim Three – an "Insufficiently Described Claim Relating to Tax Year 2014"
> Claim Four – a "Tax Refund for the Year 2011"

(capitalization in original). Defendant moves to dismiss claims one and two for lack of subject matter jurisdiction and claim three for failure to state a claim. In its motion, however, defendant does not move to dismiss the fourth claim relating to the 2011 tax refund. Defendant states that it "will move for summary judgment" on plaintiff's 2011 tax refund claim in light of "additional material from the IRS regarding the denial of plaintiff's

---

[1] Defendant filed an updated partial motion to dismiss after the court ordered defendant to refile the motion to specify the tax years at issue in defendant's motion.

4

claim for identity theft" that defendant has received since filing its original motion to dismiss on April 26, 2018.

Subsequently, on August 10, 2018, plaintiff submitted to the court a document titled "PLAINTIFFS MOTION FOR FULL JUDGEMENT." (capitalization in original). Although plaintiff titled his August 10, 2018 filing a "motion for full judgment," the August 10, 2018 filing appears to be plaintiff's, albeit untimely filed, response to defendant's June 28, 2018 partial motion to dismiss. On August 13, 2018, the court ordered plaintiff's filing to be filed on the docket in the above-captioned case. In plaintiff's August 10, 2018 filing, plaintiff, vaguely, alleges, without further explanation, that defendant "admitted to liability at least from the perspectives that the Defendants claims for the tax returns were legitimate," and asserts that defendant claimed "the responsibility to pay the claims for 2011 & 2014." Plaintiff also asserts that an "affidavit prepared by my former attorney David Rubin to my knowledge contains all the correct dates and other pertinent information, because the document was accepted by this court." Plaintiff, however, never provides the court with an affidavit from Mr. Rubin or such an affidavit. Plaintiff then states for the first time in his August 10, 2018 filing that he is seeking "refunds" for the 2011 and 2014 years. Plaintiff states that:

> As for the 2014 amended tax return being mistakenly identified as 2011, This issue was addressed in the Plaintiff's amended complaint, David Rubin's affidavit and my personal tax file which the court can subpoena. As for reference to the brief if this court reviews the phone logs, it will be found that and I.R.S. represented [sic] even told me," [sic] It is my identity in this matter, therefore it is my money". Due to fraudulent activity on my tax account, both years 2011 and 2014 were adversely affected therefore claims resulting in refunds for both years should be allowed on behalf of the Plaintiff.

Plaintiff, however, does not provide any additional information in his August 10, 2018 filing regarding his unspecified 2011 and 2014 refund claims. Plaintiff also alleges for the first time in his August 10, 2018 filing that:

> In this case a Treasury check was not merely stolen, my identity was as supported by a Philadelphia Police Report. The Police Report states that the address used was not mine, how could a check have been mailed to me at my home of record at the time concerning this claim?

Nor does plaintiff provide any additional information in his August 10, 2018 filing regarding a stolen check or stolen identity claim. Plaintiff's August 10, 2018 filing concludes:

> WHEREFORE, based on all the evidence and reasons set forth above, Plaintiff request [sic] that the court grant Plaintiff's motion to be awarded all the funds in which the law will allow. (1) Claim for negligence against the I.R.S. Claim for reimbursement of attorney's fees paid to David Rubin; and the claims pertaining to the tax years 2011 and 2014.

5

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by pro se plaintiffs is sufficient to invoke review by a court, pro se plaintiffs are entitled to a more liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

Additionally, although "[a]n amended complaint supersedes any previous complaints," Tender Years Learning Corp. v. United States, 128 Fed. Cl. 265, 272 (2016) (citing Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1364-65 (Fed Cir. 2000)), the court may liberally construe a pro se plaintiff's pleadings "'to see if [a pro se] plaintiff has a cause of action somewhere displayed.'" Long v. United States, 113 Fed. Cl. 7, 11 (2013) (alteration in original) (quoting Ruderer v. United States, 188 Ct. Cl. 456, 468, 412 F.2d 1285, 1292 (1969)). This court and other federal courts have construed the amended pleadings of a pro se litigant as supplemental when the statements in the amended document provide additional support to statements in the original pleading. See Ayres v. United States, 66 Fed. Cl. 551, 556 n.5 (2005) (permitting plaintiff's "Amendment to Complaint" to supplement, rather than supersede, the original complaint because the "Amendment to Complaint" sought only to supplement plaintiff's prayer for relief), recons. denied in part 67 Fed. Cl. 776 (2005); see also Johnson v. Interstate Mgmt. Co., 962 F. Supp. 2d 244, 250 (D.D.C. 2013) ("While an amended complaint generally supersedes

6

the original, the court, mindful of Plaintiff's pro se status, will instead consider his pleadings collectively.").[2]

Based on the record before this court, plaintiff filed his original complaint on October 27, 2017 and his amended complaint on March 12, 2018. Plaintiff's March 12, 2018 amended complaint provides limited additional, albeit vague, information regarding his asserted claims against the IRS and Mr. Rubin. Because of plaintiff's pro se status, the court considers both complaints. Even taken together, however, as discussed below, there is insufficient description of plaintiff's claims for this court to take jurisdiction of plaintiff's complaint.

As previously noted, defendant has moved to dismiss two of the four claims allegedly brought by plaintiff, plaintiff's claim of negligence against the IRS and plaintiff's claim against David Rubin, for lack of subject matter jurisdiction. Defendant has moved to dismiss for failure to state a claim plaintiff's possible refund claim regarding the 2014 tax year, but has not moved to dismiss plaintiff's possible refund claim regarding the 2011 tax year. Regarding the negligence claim against the IRS and the claim against attorney Rubin, "[s]ubject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)); see also Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007). The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also United States v. Mitchell, 463 U.S. 206, 216 (1983); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007),

---

[2] In an unpublished opinion, the United States Court of Appeals for the Federal Circuit acknowledged that an amended complaint of a pro se litigant may supplement the pro se litigant's original complaint. See Young v. United States, 497 F. App'x 53, 57 n.4 (Fed. Cir. 2012) ("While an amended complaint normally is deemed to supersede any previously filed complaint, we liberally construe [plaintiff's] pro se pleadings and assume for purposes of this opinion that he intended to supplement the original Complaint when an Amended complaint was filed . . . .").

7

cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

8

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp., 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Price v. United States, 133 Fed. Cl. 128, 130 (2017); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); see also Frankel v. United States, 842 F.3d 1246, 1249 (Fed. Cir. 2016) ("In deciding a motion to dismiss, a court is required to accept as true all factual allegations pleaded." (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2018); Fed. R. Civ. P. 8(a)(1), (2) (2018); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in

9

part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

### I.     Plaintiff's claim regarding the IRS's alleged negligence.

Plaintiff claims in the above-captioned case that there was "negligence on [sic] part of the Internal Revenue Service (IRS)" because the IRS, allegedly, "processed and paid" a "fraudulent claim" filed in plaintiff's name "to an unauthorized person." Defendant argues that the claim of "alleged negligence of the IRS for failure to protect plaintiff's 'tax account,'" is based in tortious acts and "falls outside this court's jurisdiction." Due to this court's limited jurisdiction under the Tucker Act, this court does not have jurisdiction to hear tort claims against the United States. See 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort."); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.) ("The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States."), reh'g denied (Fed. Cir. 1997); Bobka v. United States, 133 Fed. Cl. 405, 412 (2017) ("[Plaintiff] also alleges that the government engaged in tortious conduct, e.g., fraud, negligence, and defamation. . . . This court, however, does not have jurisdiction over allegations based in tort." (internal reference omitted; emphasis in original) (citing Rick's Mushroom Serv. v. United States, 521 F.3d at 1343)); Khalil v. United States, 133 Fed. Cl. 390, 392 (2017); Leffebre v. United States, 129 Fed. Cl. 48, 53 (2016); Kant v. United States, 123 Fed. Cl. 614, 616 (2015). It is well-established that claims alleging negligence against a government agency are tort claims. See Rick's Mushroom Serv. Inc. v. United States, 521 F.3d at 1343 (holding that "[a] claim for professional negligence is a tort claim" and thus lies outside the United States Court of Federal Claims' jurisdiction under the Tucker Act (citing GlobalNet Financial.Com, Inc., v. Frank Crystal & Co., 449 F.3d 377, 385 (2d Cir. 2006); GLF Const. Corp. v. LAN/STV, 414 F.3d 553, 555 (5th Cir. 2005); Piazza v. Ebsco Indus., 273 F.3d 1341, 1348 (11th Cir. 2001); White v. Napoleon, 897 F.2d 103, 114 n.4 (3d Cir. 1990))); see also Rothing v. United States, 132 Fed. Cl. 387, 390 (2017) (dismissing plaintiff's claim under the Federal Tort Claims Act because "jurisdiction [over tort claims] lies exclusively with the United States district courts" (citing Sounders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1307 n.5 (Fed. Cir. 2007))). In particular, this court has held that assertions of negligence by IRS officials are properly classified as tort claims. See Topsnik v. United States, 120 Fed. Cl. 282, 286–87 (2015) (holding that plaintiff's "factual allegations of improper conduct by IRS officials based on their allegedly intentional or

10

negligent actions" gives rise to an action which "'sound in tort' and [is] therefore not within this Court's jurisdiction under the Tucker Act" (quoting 28 U.S.C. § 1491(a)(1))). Because plaintiff is asserting a claim based on "negligence on [sic] part of the Internal Revenue Service," plaintiff's claim of negligence against the IRS sounds in tort and must be dismissed for lack of subject matter jurisdiction. See Brown v. United States, 105 F.3d at 623; see also Topsnik v. United States, 120 Fed. Cl. at 287.

## II.     Plaintiff's claim regarding David Rubin.

Plaintiff also makes a claim against attorney David Rubin, stating that Mr. Rubin "intentionaly [sic] misled" plaintiff into signing "an agreement and subsequently being liable to pay his $3,200.00 fee by way of personal check." Defendant argues that this claim also should be dismissed under RCFC 12(b)(1) because it is a claim against an individual and this court does not have jurisdiction over suits against individuals. According to defendant, this court is only a forum for claims against the United States. Defendant further argues that "plaintiff lacks standing to bring a claim based on David Rubin's alleged misrepresentations or conduct because any injury resulting from such was not, in fact, caused by defendant, the United States." In addition, defendant also argues that because plaintiff appears to have alleged a claim against David Rubin for "[m]ispresentation," which defendant states is a tort, this court, likewise, does not have subject matter jurisdiction over plaintiff's tort claim.

It is well established that this court lacks jurisdiction to hear claims against individuals. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (noting that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court [United States Court of Claims]" (citing United States v. Jones, 131 U.S. 1, 9 (1889); Lynn v. United States, 110 F.2d 586, 588 (5th Cir. 1940); Leather & Leigh v. United States, 61 Ct. Cl. 388 (1925))); see also Brown v. United States, 105 F.3d at 624 ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); Cooper v. United States, 137 Fed. Cl. 432, 434 (2018) (finding that the United States Court of Federal Claims "lacks subject matter jurisdiction to consider plaintiff's claims to the extent they are made against individuals"); Robinson v. United States, 127 Fed. Cl. 417, 420 (2016) ("The court is without 'jurisdiction over claims against individuals.'" (quoting Emerson v. United States, 123 Fed. Cl. 126, 129 (2015))); Merriman v. United States, 128 Fed. Cl. 599, 602 (2016) ("The United States Court of Federal Claims does not have subject matter jurisdiction over claims against private individuals or state officials." (citing United States v. Sherwood, 312 U.S. at 588)); Hicks v. United States, 118 Fed. Cl. 76, 81 (2014); Cottrell v. United States, 42 Fed. Cl. 144, 148 (1998).[3] Based on plaintiff's

---

[3] Although in unpublished opinions, the United States Court of Appeals for the Federal Circuit has continued to hold that under the Tucker Act, the United States Court of Federal Claims does not have jurisdiction over individuals as defendants. See Conner v. United States, 641 F. App'x 972, 975 (Fed. Cir. 2016) ("Under the Tucker Act, 'if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Court of Federal Claims].'" (quoting United States v. Sherwood, 312

complaint and amended complaint, it appears that plaintiff is suing Mr. Rubin as an individual. Plaintiff, as previously noted, states in his complaint that his claim is "against attorney David Rubin," who allegedly "misled" plaintiff into signing an agreement, under which Mr. Rubin was "to provide full legal representation" to plaintiff regarding a fraudulent tax return. Because plaintiff seeks relief against Mr. Rubin as an individual, such claim lies beyond the jurisdiction of this court and must be dismissed.

Plaintiff also states in his complaint that "[Mr. Rubin] intentionaly [sic] misled me into signing an agreement and subsequently being liable to pay his $3,200.00 fee by way of personal check." Plaintiff, thus, appears to be alleging that Mr. Rubin committed some type of fraud or misrepresentation. Misrepresentation and fraud claims also sound in tort. See Brown v. United States, 105 F.3d at 623 (holding that plaintiff–appellant's claims for "'fraudulent assessment[s]' are grounded upon fraud, which is a tort," and therefore precludes jurisdiction over such claims by the United States Court of Federal Claims); see also Hood v. United States, 127 Fed. Cl. 192, 212 (2016) (holding that plaintiff's allegation of fraud is a tort claim excluded from this court's jurisdiction under the Tucker Act); Cooper v. United States, 137 Fed. Cl. at 434 (stating that the United States Court of Federal Claims does not have jurisdiction over plaintiff's misrepresentation claim because such a claim is either a tort or a claim of criminal conduct); Jiron v. United States, 118 Fed. Cl. 190, 200 (2014); Salman v. United States, 69 Fed. Cl. 36, 38 (2005) ("[A]n action for fraud lies in tort."). As discussed above, this court lacks jurisdiction over tort claims. See 28 U.S.C. § 1491(a)(1).

To the extent that plaintiff may be asserting a criminal fraud claim, this court also lacks subject matter jurisdiction to adjudicate that claim. The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) ("[T]his court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts." (internal citation omitted)); Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Fullard v. United States, 78 Fed. Cl. 294, 301 (2007) ("[P]laintiff alleges criminal fraud, a subject matter over which this court lacks jurisdiction." (citing 28 U.S.C. § 1491; Joshua v. United States, 17 F.3d at 379)); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) (finding that the United States Court of Federal Claims lacked jurisdiction to consider plaintiff's criminal claims), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied, (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons. denied, 73 Fed. Cl. 524 (2006). Further, the United States Court of Appeals for the Federal Circuit recently wrote in an unpublished opinion that, "[t]he Court of Federal Claims likewise lacks jurisdiction to adjudicate claims brought under federal or state criminal statutes." Spitters

---

U.S. at 588)); see also May v. United States, 534 F. App'x 930, 934 (Fed. Cir. 2013); Powell v. United States, 151 F. App'x 938, 940 (2005).

v. United States, 710 F. App'x 896, 897 (Fed. Cir. 2018) (citing Joshua v. United States, 17 F.3d at 379). Thus, because plaintiff's claims of misrepresentation or fraud against Mr. Rubin sound in tort or assert a criminal violation, these claims also must be dismissed for lack of subject matter jurisdiction. See Topsnik v. United States, 120 Fed. Cl. at 287.

### III. Plaintiff's claim regarding the 2014 tax year.

Defendant extrapolated from plaintiff's complaint and amended complaint the possibility that plaintiff is seeking a claim "Relating to the Tax Year 2014." Defendant, however, argues that "[b]ased on what has been alleged in the pleadings, whether plaintiff intended to bring a tax refund for the year 2014 is wholly unclear." Defendant then states that plaintiff "failed to provide any basis as to why he would be entitled to a tax refund in 2014" and "failed to demonstrate that the requirements for bringing a tax refund suit in this court have been satisfied." For these reasons, defendant argues that any claim regarding the 2014 tax year should be dismissed for failure to state a claim pursuant to RCFC 12(b)(6).

A motion to dismiss under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted "'is appropriate when the facts asserted by the claimant do not under the law entitle him [or her] to a remedy.'" Murdock v. United States, 103 Fed. Cl. 389, 394 (2012) (alterations in original) (quoting Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998)). In examining what must be pled in order to state a claim, under both RCFC 8(a)(2) and Rule (8)(a)(2) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2); Fed. R. Civ. P. 8(a)(2); see also Bell Atl. Corp. v. Twombly, 550 U.S. at 555; TrinCo Inv. Co. v. United States, 722 F.3d 1375, 1380 (Fed. Cir. 2013) ("To avoid dismissal under RFCF [RCFC] 12(b)(6), a party need only plead 'facts to state a claim to relief that is plausible on its face,' with facts sufficient to nudge 'claims across the line from conceivable to plausible.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555)). The United States Supreme Court in Twombly stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss [for failure to state a claim] does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief

> of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely") . . . . [W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56, 570 (footnote and other citations omitted; brackets and omissions in original); see also Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570); Totes-Isotoner Corp. v. United States, 594 F.3d 1346, 1354-55 (Fed. Cir.), cert. denied, 562 U.S. 830 (2010); Bank of Guam v. United States, 578 F.3d 1318, 1326 (Fed. Cir.) ("In order to avoid dismissal for failure to state a claim, the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)), reh'g and reh'g en banc denied (Fed. Cir. 2009), cert. denied, 561 U.S. 1006 (2010); Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) ("[A] plaintiff must plead factual allegations that support a facially 'plausible' claim to relief in order to avoid dismissal for failure to state a claim." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)); Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir.) ("The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 570)), reh'g denied (Fed. Cir.), cert. denied, 557 U.S. 937 (2009); Peninsula Grp. Capital Corp. v. United States, 93 Fed. Cl. 720, 726-27 (2010), appeal dismissed, 454 F. App'x 900 (2011); Legal Aid Soc'y of New York v. United States, 92 Fed. Cl. 285, 292, 298, 298 n.14 (2010); Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013) ("the factual allegations must 'raise a right to relief above the speculative level' and must cross 'the line from conceivable to plausible.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555)).

When deciding whether a plaintiff has failed to state a claim upon which relief can be granted, the court assumes that the undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Cambridge v. United States, 558 F.3d at 1335 (citing Papasan v. Allain, 478 U.S. 265, 283 (1986)); Cary v. United States, 552 F.3d at 1376 (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)); Anaheim Gardens v. United States, 444 F.3d 1309, 1315 (Fed. Cir.), reh'g denied (Fed. Cir. 2006); Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000); Perez v. United States, 156 F.3d at 1370; Henke v. United States, 60 F.3d at 797. If a defendant or the court challenges jurisdiction or a plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Therefore, although the court must assume that the undisputed facts alleged in the complaint are true for the purposes of the motion to dismiss and draws all reasonable inferences in the plaintiffs' favor, the facts alleged in the complaint must be plausible and not merely naked assertions devoid of a factual basis. See Ashcroft v. Iqbal, 556 U.S. at 678; see also McZeal v. Sprint Nextel

Corp., 501 F.3d at 1363 n.9 (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)) (mere allegations of law and conclusions of fact are insufficient to support a claim).

The United States Supreme Court has indicated that:

> A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The Internal Revenue Code specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought, and establishes strict timeframes for filing such a claim.

United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008) (citations omitted); see also RadioShack Corp. v. United States, 566 F.3d at 1360 ("[I]n the context of tax refund suits, the [Supreme] Court has held that the Court of Federal Claims' Tucker Act jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. § 7422(a)."). Once a party has established compliance with 26 U.S.C. § 7422(a), the party may, if successful, also recover interest for its claim for refund, if successful. See Deutsche Bank AG v. United States, 95 Fed. Cl. 423, 427 n.3 (2010) ("There is no question, however, that this court has subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (2006), over claims, such as the present one, seeking to recover statutory interest on income tax refunds." (citing Brown & Williamson, Ltd. v. United States, 231 Ct. Cl. 413, 688 F.2d 747, 752 (1982))), aff'd, 742 F.3d 1378 (Fed. Cir. 2014).

For this court to exercise jurisdiction over a plaintiff's federal tax refund claim, a petitioning party must first satisfy the tax refund schematic detailed in Title 26 of the Internal Revenue Code, (see, e.g., 26 U.S.C. § 7422 (2012) and 26 U.S.C. § 6511 (2012)), which establish that a claim for refund must be filed with the IRS before filing suit in federal court, as well as strict deadlines for filing such claims. See United States v. Clintwood Elkhorn Mining Co., 553 U.S. at 4; Kiselis v. United States, 131 Fed. Cl. 54, 60 (2017) ("To establish jurisdiction, Plaintiff must establish that he filed an administrative refund claim with the IRS prior to filing suit in this Court."); Fremuth v. United States, 129 Fed. Cl. 684, 688 (2016) ("This Court's exercise of [tax refund] jurisdiction is subject, however, to several statutory and jurisprudential prerequisites."); Dumont v. United States, 85 Fed. Cl. 425, 428 ("To recover under the Tucker Act, a plaintiff must adhere to the requirements of 26 U.S.C. § 7422(a), which states that 'no such suit shall be maintained in any court... until a claim for refund or credit has been duly filed with the Secretary.'" (quoting 26 U.S.C. § 7422(a))), aff'd, 345 F. App'x. 586 (Fed. Cir. 2009); see also United States v. Dalm, 494 U.S. 596, 609–10, reh'g denied, 495 U.S. 941 (1990); Smith v. United States, 111 Fed. Cl. 740, 743 (2013) (noting that Congress intended for 26 U.S.C. § 7422(a) to apply broadly); Buser v. United States, 85 Fed. Cl. 248, 256 (2009). Moreover, for a refund claim, the court only may hear claims for which the petitioning taxpayer has fulfilled all of his or her tax liabilities for the tax year in question

before the refund claim is heard. Flora v. United States, 357 U.S. 63, 72–73 (1958) (Flora I), aff'd on reh'g, 362 U.S. 145 (Flora II), reh'g denied, 362 U.S. 972 (1960). In Flora II, the United States Supreme Court stated that 28 U.S.C. § 1346(a)(1) requires "payment of the full tax before suit . . . ." Flora II, 362 U.S. at 150, 177; see also Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming United States Court of Federal Claim's dismissal of pro-se plaintiff's tax refund suit for lack of subject matter jurisdiction when plaintiff did not allege that he had paid his taxes for the years in which he sought a tax refund and when plaintiff's tax returns submitted to the court also showed that plaintiff did not pay any taxes for those years); Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir. 1993) ("The full payment requirement of Section 1346(a)(1) and Flora applies equally to tax refund suits brought in the Court of Federal Claims . . . ." (citing Tonasket v. United States, 218 Ct. Cl. 709, 711–12, 590 F.2d 343 (1978))).

As noted above, before filing a tax refund claim in federal court, a plaintiff is required to file a claim with the IRS for the amount of the alleged refund, pursuant to 26 U.S.C. § 7422(a), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); see also Computervision Corp. v. United States, 445 F.3d 1355, 1363 (Fed. Cir.), reh'g and reh'g en banc denied, 467 F.3d 1322 (Fed. Cir. 2006), cert. denied, 549 U.S. 1338 (2007); Cooper v. United States, 123 Fed. Cl. 226, 232 (2015) (holding that because plaintiff's tax forms did not comply with the requirements of 26 U.S.C. § 7422, the returns could not constitute duly filed refund claims). Moreover, when pleading a claim for a tax refund, a party must include:

    (A) a copy of the claim for refund, and

    (B) a statement identifying:

        (i)     the tax year(s) for which a refund is sought;

        (ii)    the amount, date, and place of each payment to be refunded;

        (iii)   the date and place the return was filed, if any;

        (iv)   the name, address, and identification number of the taxpayer(s) appearing on the return;

      (v)     the date and place the claim for refund was filed; and

      (vi)    the identification number of each plaintiff, if different from the identification number of the taxpayer.

RCFC 9(m)(2)(A)–(B) (2018).

To the extent that plaintiff is attempting to assert a tax refund claim for the 2014 tax year, plaintiff, thus far, has failed to state a claim in either his original complaint or his amended complaint. Plaintiff did not clearly state in his complaint that he is seeking a tax refund for the 2014 year. Further, despite the court's February 28, 2018 Order, which required plaintiff to clarify any potential tax refund claim he may seeking, plaintiff did not state in his amended complaint that he was seeking a 2014 tax refund claim. Plaintiff also did not attach to his amended complaint a copy of his 2014 tax refund claim or provide a clear "statement" regarding various tax refund details, as required under RCFC 9(m). Plaintiff's only reference to a 2014 tax return was in connection with his asserted claim against Mr. Rubin. Plaintiff stated in his amended complaint that "[d]uring the meeting Mr. Rubin assured the plaintiff that the 2014 tax return, which was filed about February 16, 2015, would be recovered of $2,509.00." Plaintiff only recently, in his August 10, 2018 filing, vaguely alluded to "refunds," stating that, "[d]ue to fraudulent activity on my tax account, both years 2011 and 2014 were adversely affected therefore claims resulting in refunds for both years should be allowed on behalf of Plaintiff." Plaintiff, however, provided no additional information regarding the "refunds" alluded to in his August 10, 2018 filing that would allow the court to decipher what type of refund plaintiff is seeking. While the court recognizes that plaintiff is proceeding pro se, the court is under no duty to "create a claim" that has not been included in the pro se complaint. See Lengen v. United States, 100 Fed. Cl. at 328. Even based on a very liberal reading of the plaintiff's complaint and amended complaint, plaintiff has not asserted a valid, reviewable 2014 tax refund claim. Therefore, to the extent that plaintiff is trying to assert a 2014 tax refund claim, such claim should be dismissed at this time, without prejudice, for failure to state a claim.

### IV. Plaintiff's claim regarding the 2011 tax year.

Defendant also has extrapolated from plaintiff's vague complaint and vague amended complaint that plaintiff is seeking a "Tax Refund for the Year 2011." Defendant also notes that plaintiff's 2011 tax refund claim may also give rise to "a lost or stolen refund check" action pursuant to 31 U.S.C. § 3343 (2012). To the extent that plaintiff is attempting to assert a tax refund claim for the 2011 tax year, plaintiff, thus far, has failed to state a claim in either his original complaint or his amended complaint. Plaintiff did not state in his complaint or amended complaint that he is seeking a tax refund for the 2011 tax year. Plaintiff only explicitly states in his complaint and amended complaint that he is seeking a claim of "negligence" against the IRS and a vaguely worded misrepresentation or fraud claim against David Rubin associated with the 2014 tax year. Further, plaintiff did not include a copy of plaintiff's 2011 tax refund or a clear "statement" regarding the alleged tax refund claim in his complaint or amended complaint, as required when asserting a tax

refund claim in this court. See RCFC 9(m). Instead, plaintiff randomly included in his amended complaint some tax information regarding an allegedly fraudulently filed 2011 amended tax return, plaintiff's tax identification number, plaintiff's address at the time of filing his 2011 tax return, the address listed on an allegedly fraudulently filed 2011 amended tax return, and the location in which the allegedly fraudulent 2011 amended tax return was filed. Plaintiff has recently and still only vaguely alluded in his August 10, 2018 filing to "refunds," stating that "[d]ue to fraudulent activity on my tax account, both years 2011 and 2014 were adversely affected therefore claims resulting in refunds for both years should be allowed on behalf of the Plaintiff." As noted above, however, plaintiff did not provide any additional specificity or information regarding the "refunds" he is seeking for the 2011 and 2014 years that would allow the court to decipher what type of refund plaintiff is seeking. As noted above, the court is under no duty to "create a claim" that has not been included in the pro se complaint. See Lengen v. United States, 100 Fed. Cl. at 328. Even based on a liberal reading of plaintiff's complaint and amended complaint, plaintiff has failed to assert a valid, reviewable tax refund claim for 2011. Thus, to the extent plaintiff is currently asserting a 2011 tax refund claim, such claim should be dismissed at this time, without prejudice, for failure to state a claim.

Regarding defendant's assertion that plaintiff may be attempting to bring a lost or stolen check claim, defendant states in its June 28, 2018 partial motion to dismiss that "[t]hough the basis of plaintiff's claim for the 2011 tax year is not clear, there are causes of action for a lost or stolen refund check. In particular, 31 U.S.C. § 3343 provides a right of recovery for individuals whose United States Treasury check has been lost or stolen." To the extent that plaintiff may have had in mind a lost or stolen check claim pursuant to 31 U.S.C. § 3343, plaintiff's claim fails for failure to state a claim. The statute at 31 U.S.C. § 3343, which is titled "Check forgery insurance fund," states:

> (a) The Department of the Treasury has a special deposit revolving fund, the "Check Forgery Insurance Fund". Necessary amounts are hereafter appropriated to the Fund out of any moneys in the Treasury not otherwise appropriated, and shall remain available until expended to make the payments required or authorized under this section. The Fund consists of amounts—
>
> > (1) appropriated to the Fund; and
> >
> > (2) received under subsection (d) of this section.
>
> (b) The Secretary of the Treasury shall pay from the Fund to a payee or special endorsee of a check drawn on the Treasury or a depositary designated by the Secretary the amount of the check without interest if in the determination of the Secretary the payee or special endorse[1] establishes that—

> (1) the check was lost or stolen without the fault of the payee or a holder that is a special endorsee and whose endorsement is necessary for further negotiation;
>
> (2) the check was negotiated later and paid by the Secretary or a depositary on a forged endorsement of the payee's or special endorsee's name; and
>
> (3) the payee or special endorsee has not participated in any part of the proceeds of the negotiation or payment.

31 U.S.C. § 3343(a)–(b).

As a judge of this court explained:

> To recover under § 3343, the following requirements must be met: (1) the check is lost or stolen without the fault of the payee or a holder that is a special endorsee and whose endorsement is necessary for further negotiation, (2) the check is negotiated and paid by the Treasurer on a forged endorsement of payee's or special endorsee's name, and (3) the payee or special endorsee has not participated directly or indirectly in the proceeds of such negotiation or payment.

Curtin v. United States, 91 Fed. Cl. 683, 688 (2010); see also Olson v. United States, 194 Ct. Cl. 297, 302-03, 437 F.2d 981, 983-84 (1971); Lau v. United States, No. 01-150T, 2002 WL 535808, *1 n.3 (Fed. Cl. Feb. 22, 2002) (unpublished opinion) ("31 U.S.C. § 3343 (1994 & Supp. V 1999), allows the Treasury to issue replacement checks from the Check Forgery Insurance Fund to taxpayers once the IRS determines that the payee's endorsement was forged."). For example, in Hill v. United States, a judge of this court ordered the defendant to re-issue a stolen check to plaintiff pursuant to 31 U.S.C. § 3343 and explained that:

> The facts establish that Plaintiff has met the conditions established by 31 U.S.C. § 3343. First, the 2007 refund check was "deliberately redirected by another individual" "without Plaintiff's knowledge." Second, that individual cashed the check, endorsing it under "Mark Hill." Third, "according to the OSHP investigation," Plaintiff was not aware of the individual impersonating him, and therefore hadn't "participated in any part of the proceeds of the negotiation or payment."

Hill v. United States, 118 Fed. Cl. 373, 381 n.4, 385 (2014) (internal references omitted).

As noted above, in order for a party to recover under 31 U.S.C. § 3343, a party must prove that a "check was lost or stolen," and that the party is "without the fault." See 31 U.S.C. § 3343(b); see also Curtin v. United States, 91 Fed. Cl. at 688. Plaintiff does not specifically allege in his complaint or amended complaint that he has lost a check or

19

that someone has stolen a check from him. Although plaintiff briefly mentioned in his August 10, 2018 filing that "[i]n this case a Treasury check was not merely stolen, my identify was[4] as supported by a Philadelphia Police Report," plaintiff does not state that the Treasury check belonged to him, nor does plaintiff provide additional information regarding the stolen "Treasury check." Further, in order to recover under 31 U.S.C. § 3343, the check must have a "forged endorsement of the payee's or special endorsee's name." See 31 U.S.C. § 3343(b). Plaintiff does not allege in his complaint or amended complaint that someone presented a forged endorsement of plaintiff's name on any document, let alone a lost or stolen check. As this court has previously noted, the court is under no duty to "create a claim" that has not been included in a pro se complaint. See Lengen v. United States, 100 Fed. Cl. at 328. Thus, to the extent plaintiff is currently attempting to assert a lost or stolen check claim, the court finds that such claim should be dismissed at this time, without prejudice, for failure to state a claim.

## CONCLUSION

The court **GRANTS** defendant's June 28, 2018 partial motion to dismiss the tort and misrepresentation claims regarding the IRS and David Rubin, and dismisses, without prejudice, all the other claims plaintiff may have been attempting to assert. Plaintiff's complaint is **DISMISSED**. The Clerk of Court shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**

---

[4] To the extent that plaintiff is attempting to assert a claim for identity theft, such claim sounds in tort for which this court lacks jurisdiction. See Krukowski v. United States, 129 Fed. Cl. 440, 443 (2016) ("Identity theft is also a tort over which this Court does not have jurisdiction."); Aldridge v. United States, 67 Fed. Cl. 113, 120 (2005) ("Identity theft is also a tort. . . . Therefore the United States Court of Federal Claims does not have jurisdiction over this claim." (internal citations omitted)).